

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 31, 1973

The Honorable Henry Rothell
Administrator, Texas
Employment Commission
Austin, Texas 78701

Opinion No. H- 75

Re: Whether § 29 of the Texas
Unemployment Compensation
Act elected coverage for all
services performed for the
State, notwithstanding the
exemptions from employment
contained in § 19(g)(5) of that
Act.

Dear Mr. Rothell:

Your request involves the construction of various statutes governing the
Texas unemployment compensation program, particularly with reference
to amendments adopted by the 62nd Legislature in 1971 and their effect upon
State universities.

The Texas Unemployment Compensation Act is designed to provide
insurance or compensation for workers or employees during periods of
unemployment; it serves a beneficial public purpose, and is to be liberally
construed to effect that purpose. Friedman v. American Surety Co., 151
S. W. 2d 570 (Tex. 1941); Meggs v. Unemployment Compensation Commission,
234 S. W. 2d 453 (Tex. Civ. App. , 1950, writ ref'd. ); Rowan Oil Co. v. Texas
Employment Commission, 263 S. W. 2d 140 (Tex. 1953); 52 Tex. Jur. 2d,
Social Security, § 19 et seq.

Article 5221b-17, V. T. C. S. , covers, among other things the definitions
of various words that appear in the statute. It defines "employers" and the
services considered to constitute "employment" under the Act. Prior to
1971, neither the State of Texas nor any of its instrumentalities were (or
could become) "employers" under the Act. In that year, Article 5221b-6 was
amended to provide:

> "The State of Texas, a branch or department
> thereof, or an instrumentality thereof may volun-
> tarily elect (except with respect to a State Hospital
> or a State institution of higher education) coverage
> as a subject employer . . . ." [Art. 5221b-6(b)(2)]

At the same time, Article 5221b-17 was amended so that the definition of
"employer" would include "a hospital or an institution of higher education
. . . located in this State and operated by this State . . . for which services
are performed which constitute employment . . . ." [Art. 5221b-17(f)(6)].
To the definition of "employment," which had previously simply excluded
all services performed in the employ of the State or its federally non-
taxable instrumentalities, was added a proviso:

> " . . . effective January 1, 1972, this exclusion
> from the definition of employment is not appli-
> cable to services performed in the employ of a
> State or instrumentality thereof for a State hos-
> pital or State institution of higher education. "
> [Art. 5221b-17(g)(5)(F)].

Already then excluded from the definition of "employment" were
services performed by student nurses and interns employed in hospitals
[Art. 5221b-17(g)(5)(I)], and additionally excluded thereafter were services
performed by a student working for the school, college, or university in
which he was enrolled, [Art. 5221b-17(g)(5)(S); services performed in the
employ of a State school which is not an institution of higher education
[Art. 5221b-17(g)(5)(O); services performed in the employ of a hospital in
a State prison by an inmate [Art. 5221b-17(g)(5)(R)].

Thus, Article 5221b-17 definitions, taken alone, would require State
colleges and hospitals to become employers subject to the Act but would
exclude from coverage services rendered to them by students, etc.   Other
State instrumentalities could elect to become  employers under the Act,
but the "service exceptions" of Article 5221b-17 definitions would auto-
matically exclude certain employees from the elected coverage.

But another provision was at the same time added to Article 5221b-6.
It provided:

> "Any employing unit for which services that do
> not constitute employment as defined in this Act are
> performed may file with the Commission a written
> election that all such services performed by indivi-
> duals in its employ in one (1) or more distinct estab-
> lishments . . . shall be deemed to constitute employ-
> ment for all purposes of this Act . . . ." [Art. 5221b-
> 6(b)(6)].

Also added was Article 5221b-22d which reads:

> "The State of Texas hereby elects, with
> respect to all services performed in the employ
> of this State or any branch or department thereof
> or any instrumentality thereof which is not other-
> wise an employer subject to this Act, to become.
> a reimbursing employer subject to this Act, and
> all services performed in the employ of this State
> or of any branch or department or instrumentality
> thereof shall be deemed to constitute employment.
> This election does not apply to political subdivi-
> sions of this State."

We view the above article (5221b-22d) as accomplishing two things:
(1) it constitutes an election by the State [pursuant to Article 5221b-6(b)(2)]
that all units of State government not already participating as "employers"
(even though not defined as such by Article 5221b-17) shall become
"employers" subject to the Act, and (2) it constitutes a sufficient written
election under Article 5221b-6(b)(6) that all services to units of State
government are to be considered "employments" even though excluded
from Article 5221b-17 definitions.

Careful reading of the provision in Article 5221b-6 and Article 5221b-17
having to do with colleges and hospitals indicates that the parenthetical
exclusion of colleges and hospitals [in Article 5221b-6(b)(2)] from those
units of State government entitled to elect "employer" status was intended
to signify that State colleges and hospitals - at least as respects "defined"
employments - were automatically to become "employers" without the
opportunity to decline.

The complementing, expanded definition of "employer" in Article 5221b-17 did not include all State colleges or hospitals.  It included a "hospital or institution of higher education . . . operated by this State . . . for which services are performed which constitute employment. . . . "  [Art. 5221b-17(f)(6)].  Absent the elections of Article 5221b-22d, State colleges and hospitals would not be "employers subject to the Act" as respects student employees, etc. (because their services would not constitute "employment" under the Article 5221b-17 definition), though as to other employees rendering services within the definition, they would be subject to it.  The same is true for the definition of "employment. " Though the general Article 5221b-17 "service performed in the employ of the State" exclusion was specifically made inapplicable to State colleges and hospitals [Art.  5221b-17(g)(5)(F)], the specific designation of certain services as not constituting employments (applicable to all work situations, private or public), would affect colleges and hospitals in the absence of the elections made by Article 5221b-22b.

In other words, were it not for the provisions of Article 5221b-22d, students employed by State colleges, student nurses or interns employed by State hospitals, patients employed by State hospitals, etc., would not be covered by the Act.

However, it is our opinion that the elections evidenced by Article 5221b-22d had the effect of placing under the coverage umbrella every service performed on behalf of the State or one of its instrumentalities (excepting political subdivisions) by every person employed by it or them, without regard to definitions of "employer" or "employment" contained in Article 5221b-17.  While those definitions are still vital to private and political-subdivision employers who have not themselves elected otherwise, they are made by Article 5221b-22d inapplicable to the State or any of its other instrumentalities, including its hospitals and institutions of higher education.  We think the election to become a reimbursing employer subject to the Act made "with respect to all services" and on behalf of "any instrumentality [of the State] which is not otherwise an employer" subject to the Act indicates an intent that employees of State hospitals and colleges not already covered, be covered.  This is reinforced by the further election that "all services performed in the employ . . . of any instrumentality . . . shall be deemed to constitute employment [excepting only political subdivisions]. "

This construction reconciles all of the statutes, as amended, which would otherwise seem to conflict.  It is our duty to reconcile them if possible, all the while searching for legislative intent.  We believe this construction serves that purpose.  It may have been that the Legislature so structured these amendments that a veto of the Bill enacting Article 5221b-22d, if it occurred, would leave State colleges and hospitals unaffected by the general exclusion of "services performed in the employ of the State" and on a par with privately operated institutions insofar as the operation of the unemployment compensation program was concerned.

Whatever accounts for the peculiar interlocking of the various statutory provisions, we think this construction eliminates any surface repugnancy between  Article 5221b-22d and the other articles and obviates any necessity to declare any of the statutes inoperative.

## S U M M A R Y

The elections noticed by Article 5221b-22d,
V. T. C. S. , have the effect of making the State and
all its branches, departments or instrumentalities
(expressly excepting political subdivisions but in-
cluding hospitals and institutions of higher education)
reimbursing employers under the Texas Unemployment
Act, and bringing all services performed for them
within the coverage of the Act, whether or not such
services would otherwise constitute covered "employ-
ment" under other provisions.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee                    p. 347